IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OCIE BANKS, ROBERT WILK, and JETTIE BIGGS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | 12 cv 3730 |
| v. | ) ) | |
| GCA SERVICES GROUP, INC, | ) ) ) | CLASS ACTION COMPLAINT |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Ocie Banks, Robert Wilk, and Jettie Biggs, on behalf of themselves and all others similarly situated, complain against GCA Incorporated as follows:

## Introduction

1. Under the Fair Credit Reporting Act ("FCRA"), a criminal background or motor vehicle record report that is obtained from a consumer reporting agency for employment purposes is a consumer report. 15 U.S.C. § 1681a(d); FTC Informal Opinion Letter from Haynes to Lewis (June 11, 1998). Ocie Banks ("Banks"), Robert Wilk ("Wilk"), and Jettie Biggs ("Biggs") bring this class action for monetary damages and other relief on behalf of all persons whose rights under the FCRA, 15 U.S.C. § 1681b(b)(3), were violated by Defendant, GCA Services Group, Inc. ("GCA"), on or after May 15, 2010. GCA took adverse action against Banks, Wilk, and Biggs based on consumer reports procured for employment purposes without first providing Banks, Wilk, and Biggs: (a) a pre-adverse action disclosure that included a copy of their consumer report, (b) a description in writing of Banks's, Wilk's, and Biggs's

rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

### Parties

2.  Banks, Wilk, and Biggs are residents of the Northern District of Illinois and Cook County. They are consumers as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

3.  Defendant GCA, a Delaware corporation headquartered in Ohio, provides facility services including janitorial, driving, and maintenance services to corporate clients throughout the United States. At all relevant times, GCA has been a "person" within the meaning of the Fair Credit Reporting Act. 15 U.S.C. § 1681a(b).

### Jurisdiction and Venue

4.  The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.  Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

### Factual Allegations

6.  In June 2010, Banks applied for employment with GCA.

7.  In June 2010, GCA procured a consumer report about Banks from a consumer reporting agency named Liberty Screening Services, Inc. ("Liberty") to evaluate whether Banks's criminal record or driving record prevented him from working for GCA.

8.  The Liberty consumer report revealed criminal record information about Banks.

9. Shortly after GCA reviewed Banks's consumer report, it rejected Banks's employment application based in whole or in part on the consumer report that it procured from Liberty.

10. Before GCA took adverse action against Banks, it did not provide him a copy of the Liberty consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the Liberty consumer report.

11. By taking adverse action against Banks based on a consumer report without first providing him a copy of his consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, GCA acted in reckless disregard of Banks's FCRA rights.

12. In February 2011, Wilk applied for employment with GCA.

13. In February 2011, GCA procured a consumer report about Wilk from Liberty to evaluate whether Wilk's criminal record or driving record prevented him from working for GCA. The Liberty consumer report revealed criminal record and driving record information about Wilk.

14. Shortly after GCA reviewed Wilk's consumer report, it rejected Wilk's employment application based in whole or in part on the consumer report that it procured from Liberty.

15. Before GCA took adverse action against Wilk, it did not provide him a copy of the Liberty consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the Liberty consumer report.

16. By taking adverse action against Wilk based on a consumer report without first providing him a copy of his consumer report, a description in writing of his rights under the

3

FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, GCA acted in reckless disregard of Wilk's FCRA rights.

17. In June 2010, Biggs applied for employment with GCA.

18. In June 2010, GCA procured a consumer report about Biggs from Liberty to evaluate whether Biggs's criminal record or driving record prevented him from working for GCA. The Liberty consumer report revealed criminal record information about Biggs.

19. Shortly after GCA reviewed Biggs's consumer report, it rejected Biggs's employment application based in whole or in part on the consumer report that it procured from Liberty.

20. Before GCA took adverse action against Biggs, it did not provide him a copy of the Liberty consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the Liberty consumer report.

21. By taking adverse action against Biggs based on a consumer report without first providing him a copy of his consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, GCA acted in reckless disregard of Biggs's FCRA rights

22. During relevant times, GCA had a practice or policy of taking adverse action against job applicants based in whole or in part on consumer reports without first providing those job applicants a copy of their report and a description in writing of their rights under the FCRA.

23. Before GCA procured consumer reports about Banks, Wilk, and Biggs, it certified to Liberty that it would provide Banks, Wilk, and Biggs a copy of their consumer reports if GCA used the reports to take adverse action against Banks, Wilk, and Biggs.

**Fair Credit Reporting Act Requirements**

24. Under the FCRA, before a company takes adverse action against a consumer based on information contained in a consumer report obtained for employment purposes, the company must first provide the consumer: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. 15 U.S.C. § 1681b(b)(3).

25. Under the FCRA, a criminal background check report that is obtained for employment purposes is considered a consumer report. *See* 15 U.S.C. § 1681a(d). An "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k).

26. On information and belief, GCA has a policy and practice of requesting that Liberty provide it with consumer reports for employment purposes and of taking adverse employment action based on information contained in those consumer reports without first providing consumers: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

**Class Action Allegations**

27. Banks, Wilk, and Biggs bring this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other individuals who, on or after May 15, 2010, suffered adverse action based in whole or in part on information contained in consumer reports that GCA obtained for employment purposes.

5

28. The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

29. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. whether GCA failed to provide class members with a pre-adverse action disclosure containing a copy of the employee's consumer report that GCA obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA;

    b. whether GCA failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

    c. whether GCA's actions as described above constitute violations of the FCRA;

    d. whether GCA's actions were willful; and

    e. whether GCA engaged in a policy or practice of taking adverse action against consumers based on consumer reports without first providing class members with a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of the consumer's rights under the FCRA.

30. Banks, Wilk, and Biggs will fairly and adequately protect the interests of all class members. Banks, Wilk, and Biggs are members of the class, and their claims are typical of the claims of all class members. Banks, Wilk, and Biggs's interests in obtaining monetary relief for GCA's violations of the class members' rights are consistent with and are not antagonistic to those of any person within the class. Banks, Wilk, and Biggs have retained counsel competent and experienced in complex and class action litigation, including FCRA class action litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

    a. avoid the heavy burden of multiple, duplicative suits;

    b. avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

    c. allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

    d. allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

### Count One – GCA's FCRA violations

32. Plaintiffs reallege and incorporate by reference paragraphs 1-31 of this Complaint as if fully set forth herein.

33. GCA willfully failed to provide Banks, Wilk, and Biggs, and members of the plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), (a) a pre-adverse action disclosure containing a copy of the their consumer report; (b) a description in writing of their rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

34. GCA's willful violations of 15 U.S.C. § 1681b(b)(3) have caused damages to Banks, Wilk, and Biggs, and members of the plaintiff class for which damages GCA is liable under 15 U.S.C. § 1681n.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully request, on behalf of themselves and the class they seek to represent, that this Court:

A. Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate Banks, Wilk, and Biggs representatives of the class and their counsel of record as class counsel;

B. Award statutory and punitive damages against Defendant to Plaintiffs and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a copy of their consumer report before taking adverse action against them based in whole or in part on consumer reports.

C. Award statutory and punitive damages against Defendant to Plaintiffs and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a summary of their FCRA rights before taking adverse action against them based in whole or in part on consumer reports.

D. Award Plaintiffs and members of the plaintiff class their attorneys' fees pursuant to 15 U.S.C. § 1681n;

E. Award Plaintiffs and members of the plaintiff class their costs pursuant to 28 U.S.C. § 1920; and

F. Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers (IL Bar # 2206161)
Christopher J. Wilmes (IL Bar # 6287688)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100