IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OCIE BANKS, ROBERT WILK, and JETTIE BIGGS, individually and on behalf of all others similarly situated, | ) ) ) ) | No. 12 CV 3730 |
| Plaintiffs, | ) ) ) | |
| | ) | Magistrate Judge Finnegan |
| v. | ) ) | |
| GCA SERVICES GROUP, INC, | ) ) | |
| Defendant. | ) | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiffs Ocie Banks, Robert Wilk, and Jettie Biggs and Defendant GCA Services Group, Inc. ("GCA") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's July 2, 2013 Order, the Court defines the Not Eligible Settlement Class as follows:

> All individuals who satisfy all of the following criteria: (1) GCA designated the individual as "Not Eligible" for hire based on a consumer report in an e-mail communication sent to a hiring manager between May 15, 2010 and March 1, 2012, (2) GCA never mailed the individual a copy his or her consumer report between May 15, 2010 and March 1, 2012, and (3) the individual never worked for GCA after being designated "Not Eligible" for hire. Also included in the Not Eligible Class are individuals who GCA fired between May 15, 2010 and March 1, 2012 and whose termination code was "Failed Background Check" and who were not mailed a copy of his or her consumer report prior to termination. Not Eligible Class Members are

named in Exhibit C to the parties' Settlement Agreement.

2.      Pursuant to the Court's July 2, 2013 Order, the Court defines the Adverse Action Letter Settlement Class as follows:

> All individuals to whom GCA mailed the form letter attached hereto as Exhibit A (or a substantially similar letter) between May 15, 2010 and March 1, 2012 and who were not working for GCA thirty days after the letter was mailed. Adverse Action Letter Class Members are named in Exhibit B to the parties' Agreement.

3.      The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

4.      The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5.      The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

6.      The Court hereby dismisses this case with prejudice against Defendant. All Class Members herein release and discharge Defendant and the other Released Parties identified in the Parties' Settlement Agreement from any and all Fair Credit Reporting Act claims arising out of the Class Members' employment or application for employment at or through any of the Defendant's offices and occurring between May 15, 2010 and March 1, 2012.

7.      By consent of the parties, and without affecting the finality of this order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any

award or distribution of the Qualified Settlement Fund ("QSF"), including interest earned thereon for 21 days.

8. The Court directs payment to Ocie Banks, Robert Wilk, and Jettie Biggs a sum of $2,000.00 per person over and above the amount that they are entitled to by virtue of their status as a Class Member. This payment shall occur no later than fourteen days after entry of this Order.

9. The Court directs payment to Class Counsel a total sum of $175,000.00, which amounts to 17.5% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiffs' attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than fourteen days after the entry of this Order.

10. The Court directs payment of $45,000.00 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than fourteen days after the entry of this Order.

11. The Court directs Simpluris to issue checks to Class Members, as provided in the Settlement Agreement, to all Class Members who returned valid and timely claim forms. This payment shall occur no later than fourteen days after the entry of this Order.

12. The Court also directs Simpluris to issue a settlement check to each of the seventeen class members who returned a claim form postmarked between September 11, 2013 and October 9, 2013.

13. The settlement checks paid to the seventeen class members who returned claim forms postmarked between September 11, 2013 and October 9, 2013 shall be in the same amounts as the checks issued to class members who filed claim forms between July 10, 2013 and September 10, 2013.

14. To ensure that no class member's award will be reduced by permitting untimely claims, all settlement checks paid to class members who returned claim forms postmarked between September 11, 2013 and October 9, 2013 shall be paid out of funds that otherwise would have been designated for the Cy Pres recipient, Chicago Food Depository.

15. Except for the seventeen class members who returned claim forms postmarked between September 11, 2013 and October 9, 2013 set forth above, any additional class members who submit untimely claim forms will be ineligible to receive a payment from the settlement fund.

ENTERED:

_____
Magistrate Judge Sheila Finnegan

Dated: October 17, 2013